UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
GERALD PELLEGRINI,            )
                              )
    Plaintiff,                )
                              )
v.                            )     C.A. No. 17-40156-TSH
                              )
NORTHEASTERN UNIVERSITY       )
And NIAN X. SUN,              )
                              )
    Defendants.               )
_____)

### DECISION AND ORDER ON DEFENDANTS MOTION TO DISMISS THE AMENDED COMPLAINT
### (Doc. No. 20)

**August 13, 2018**

**HILLMAN, D.J.**

## Background

The Plaintiff, Gerald Pellegrini, ("Plaintiff") filed a lawsuit in this Court on October 11, 2012, against Northeastern University ("Northeastern") and Nian Sun ("Sun") (collectively referred to as "Defendants") for a violation of the Lanham Act, Mass. Gen. Laws c. 93A, and fraud. This Court adopted the magistrate judge's recommendation that the case be dismissed for lack of jurisdiction.[1]

Plaintiff then filed suit against Defendants in the Suffolk County Superior Court ("Superior Court") on May 15, 2014 (the "State Action").[2] The Plaintiff alleged the following counts in the State Action: commercial disparagement of intellectual property (Count I); breach of contract

---

[1] The Plaintiff had failed to state a claim under the Lanham Act and accordingly that count was dismissed leaving only state law claims.

[2] Plaintiff filed an Amended Complaint on August 8, 2014. The complaint discussed in connection with the State Action is the Amended Complaint.

(Count II); breach of implied contractual duty of good faith and fair dealing (Count III); fraud (Count IV); violation of Chapter 93A (Count V) and; declaration of ownership rights of a testing method used in the experiments (Count VI).

After the parties submitted and argued their respective motions for summary judgment, the Superior Court judge granted the Defendants motion and denied the Plaintiff's partial motion for summary judgment in part because the Plaintiff failed to show sufficient evidence of damages. Judgment was entered in favor of the Defendants in the State Action on July 28, 2016. After the Superior Court denied the Plaintiff's motion for reconsideration, he appealed, and the Massachusetts Appeals Court ("Appeals Court") affirmed the Superior Court's decision and denied the Plaintiff's petition for rehearing. The Appeals Court held that because the Plaintiff failed to provide evidence of damages, the Superior Court's ruling on summary judgment was correct.[3]

On November 17, 2017, the Plaintiff filed an application for further appellate review with the Massachusetts Supreme Judicial Court (the "SJC").  Ten days later he filed the original complaint in the present action. On December 21, 2017, the SJC denied the Plaintiff's request for further appellate review. The Plaintiff filed an amended complaint in this case (the "Amended Complaint") on January 23, 2018, which mooted the Defendants first motion to dismiss. Defendants subsequently filed the instant Motion to Dismiss the Amended Complaint which is discussed in this Order.

The Defendants argument is threefold: (1) this Court lacks subject matter jurisdiction because of the *Rooker-Feldman* doctrine; (2) the Amended Complaint is barred by Res Judicata and; (3) the Court lacks personal jurisdiction over the Defendants for insufficient service of

---

[3] Plaintiff only appeals the claims for a violation of the covenant of good faith and fair dealing, fraud, and a violation of G. L. c. 93A, all claims that have a required element of damages.

process. I find that the Court lacks subject matter jurisdiction and the Amended Complaint must be dismissed.

## Discussion

*Rooker-Feldman Doctrine*

The *Rooker-Feldman* doctrine stems from Congress's limitation providing only the U.S. Supreme Court with the exclusive power to act as an appellate court over state court judgments. *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 21 (2005)(citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). It takes its name from the Supreme Court cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The *Rooker-Feldman* doctrine precludes "lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006)(quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005)). "[W]hen the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, then without a doubt the state court proceedings have 'ended.'" *DuLaurence v. Telegen*, 94 F. Supp. 3d 73, 79 (D. Mass. 2015)(citing *Silva v. Massachusetts*, 351 Fed. Appx. 450, 455 (1st Cir. 2009)). It is a narrow doctrine that applies only in limited circumstances and does not preclude parallel state and federal litigation.  *Id*. (citing *Lance*, 546 U.S. at 464-65).  For there to be parallel state and federal litigation there must be an "independent claim", meaning that the defendant's conduct which harmed the plaintiff is "separate from the state court decision." *Id*. (citation omitted). The doctrine may "properly [be] applied 'where, regardless of how the claim is phrased, 'the only real injury to

[the plaintiff] is ultimately still caused by a state-court judgment.'" *Id*. at 80 (internal quotations and citation omitted).

This action is not parallel to the State Action even though Plaintiff alleges new constitutional claims. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293-94 (parallel litigation occurs when a party does "not repair[ ] to federal court to undo the [state court] judgment in its favor" but "appears…to [have filed suit in federal court] to protect itself in the event it lost in state court on grounds…that might not preclude relief in the federal venue").  The Amended Complaint expressly requests this Court to enter a declaration stating that the rulings in the State Action regarding the deposition testimony and opportunity for additional discovery was wrong and to "restore" the State.  There are no allegations of any misconduct arising from facts separate from the State Action proceedings and the Plaintiff is not seeking the same relief as in the State Action.  Instead, it is clear that Plaintiff is requesting review and reversal of his unfavorable state judgment.

The Plaintiff points to the fact that he filed the original complaint before the SJC denied further appellate review. However, prior to filing the Amended Complaint, the operating document in this action, the SJC issued a formal denial of further appellate review meaning that the State Action had officially ended.  Looking at the particular posture of this case, I find that to permit the Plaintiff to proceed with this action would directly conflict with the purpose of the *Rooker-Feldman* doctrine prohibiting lower federal courts from reviewing and reversing final state court judgments.  *See Marciano v. White*, No. 09-56897, 431 Fed. Appx. 611, 612-23 (9th Cir. May 9, 2011) (mem. opinion)("the fact that [plaintiff] filed his federal suit before his state court appeals have concluded cannot be enough to open the door for a federal district court to review the state court decisions."); *see Littler v. Massachusetts*, No. CV 17-11277-RGS, 2017 WL 3495173, at *4

(D. Mass. Aug. 14, 2017)(the court found that although "[t]he status of the state court proceedings [was] not clear…the court is barred from exercising jurisdiction over such claims by the *Rooker-Feldman* doctrine.")

*Res Judicata*

Furthermore, even assuming that the *Rooker-Feldman* doctrine does not apply, the Amended Complaint must be dismissed under the principles of res judicata.[4] "Res judicata 'makes a valid final judgment conclusive on the parties ... and prevents relitigation of all matters that were or could have been adjudicated in the action.'" *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 52 (1st Cir. 2008)(quoting *Kobrin v. Bd. of Regist. in Med.*, 444 Mass. 837, 843 (2005)). There are two types of preclusion under the principles of res judicata: claim and issue preclusion. *DuLaurence v. Telegen*, 94 F. Supp. 3d 73, 81 (D. Mass. 2015), aff'd, 1st Cir., No. 15-1537 (Nov. 30, 2016)(citation omitted).

Issue preclusion requires "(1) … a final judgment on the merits in the prior adjudication; (2) [that] the party against whom preclusion is asserted was a party…to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication." *Id*. Additionally, the issue "must have been essential to the earlier judgment" and "appellate review must have been available in the earlier case." *In re Sonus Networks, Inc, S'holder Derivative Litig.*, 499 F.3d at 57. The court should consider "whether 'the parties were fully heard, the judge's decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed" to determine whether a final judgment was rendered. *Jarosz v. Palmer*, 49 Mass. App. Ct. 834, 837 (2000), *aff'd*, 436 Mass. 526, 533-34 (2002)(citation omitted).

---

[4] "Under the full faith and credit statute, 28 U.S.C. § 1738, a judgment rendered in a state court is entitled to the same preclusive effect in federal court as it would be given within the state in which it was rendered.  Thus, the preclusive effect of the state court judgment at issue here is determined under Massachusetts law." *In re Sonus Networks, Inc., S'holder Derivative Litig.*, 499 F.3d 47, 56 (1st Cir. 20017)(internal citation omitted).

All of these elements are met in this case; the parties are the same in this action and the State Action, a final judgment on the merits was rendered with a well-reasoned opinion, the issues are identical, the litigation of the issue was essential to the affirmation of the granting of summary judgment, and Plaintiff appealed the decision. The Plaintiff concedes that "these same claims and issues [in this action] were also raised in the state courts at the appellate level". (Doc. No. 26; p. 6). However, it is the Plaintiff's assertion that the alleged constitutional issues here have not been fully litigated because further appeals were denied. I disagree.

The alleged constitutional violations the Plaintiff asserts in this action arise from the granting of summary judgment in state court for failure to provide evidence of damages. The Plaintiff argues that because the Defendants failed to object to deposition testimony, the Plaintiff was denied the opportunity to lay a proper foundation for the testimony to be admissible. The Appeals Court discussed this issue noting that even with the unsupported lay deposition testimony, the evidence of damages was merely speculative and insufficient to survive summary judgment. (Doc. No. 21; exhibit C, p. 12). Further, to the extent that the Plaintiff argues that he was denied the opportunity to discover other evidence of damages, the Appeals Court noted that at no point in his opposition to the Defendants motion for summary judgment, at the oral argument, or in his motion for reconsideration did the Plaintiff argue he needed additional time for discovery and therefore, the argument was waived. The discovery issues which Plaintiffs constitutional claims arise from have already been adjudicated and he cannot re-litigate those issues by reframing them to be constitutional violations.[5]

For these reasons, the Defendants Motion to Dismiss (Doc. No. 20) is ***granted*** and the Amended Complaint is hereby dismissed.

---

[5] The Court finds that both the *Rooker-Felmdan* doctrine and issue preclusion bar this action, therefore the Court does not analyze the Defendants arguments regarding claim preclusion or personal jurisdiction.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**